IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOSEPH C. MINNEMAN, et al.,

      Plaintiffs,

v.                                                      Case No. 23-4082-JWB

KANSAS GAS SERVICE, A DIVISION OF ONE GAS, INC.,

      Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on the parties' responses to this court's show cause order. (Docs. 44, 45.) For the reasons set forth herein, this matter is REMANDED to the District Court of Saline County.

**I.    Facts**

This is a quiet title action regarding property that is located in Salina, Kansas, a city with over 45,000 persons. Plaintiffs own Lot 2, Block 3, of The North Park Addition, Salina, Kansas, commonly known as 623 N. 13th Street, Salina, Kansas 67401 (outlined in the image in pink below). (Doc. 42 at 2.)[1] West Grand Avenue in Salina was dedicated to the City in 1889 as a public right-of-way as part of the North Park Addition Plat. (Doc. 33-1 at ¶ 7.) In the 1930's, the Kansas Highway Commission (now the Kansas Department of Transportation) acquired right-of-way to construct Broadway Boulevard/U.S. 81 Bypass, which ran at a diagonal through the surrounding neighborhood. (*Id.* ¶ 8.) In 2007, the City realigned the intersection of West Grand Avenue and North Broadway from an angular or diagonal intersection to a perpendicular

---

[1] Plaintiffs also own Lot 4, which is the lot directly south of Lot 2, but it is not outlined in pink in the image below. (*See* Doc. 33 at 3 ¶ 7; 33-5 at 2.)

intersection to improve sight lines for driver safety. (Doc. 42 at 2.) After West Grand Avenue was realigned, a portion north of Plaintiffs' property was no longer paved as a street for vehicular use and is now covered in grass (outlined in green below). (*Id.*) Defendant Kansas Gas Service's ("KGS") natural gas pipeline is buried and operational in the property abutting Plaintiffs' north property line (outlined in yellow below). (*Id.*) The yellow portion outlined below was not paved for vehicular traffic before street realignment but was part of the public street right-of-way where public utilities were located and buried alongside the paved street. (*Id.*)



(*Id.* at 3.)

In 2012, Plaintiffs proposed Petition No. 4344 to the Salina Board of Commissioners in which Plaintiffs requested that the City vacate the portion of West Grand Avenue that was no longer paved and used for vehicular traffic, including the property wherein the public utilities were located. (*Id.*) On April 16, 2012, a hearing was held on the petition. Dean Andrew, the City's Director of Planning, explained Plaintiffs' request to vacate the right-of-way but advised the

Commissioners that utilities remained in a portion of the public right-of-way. (Doc. 33-2 at ¶¶ 8–11.) The Board of Commissioners unanimously denied the petition. (*Id.*; *see also* Doc. 33 at 4; 42 at 2.)

On January 27, 2014, the City's Board of Commissioners considered a petition filed by Dan Stack, City Engineer. Stack requested that the City vacate the portion of West Grand Avenue right-of-way that abutted the north side of Plaintiffs' property but with the City reserving only the public utility easement within the right-of-way. (Doc. 33-2 at ¶¶ 12–16; 33-8.) Plaintiff Joseph Minneman objected to the petition and the corresponding proposed Ordinance No. 14-10729 to vacate the right-of-way but retaining the public utility easement. (Doc. 33-2 at ¶ 15.) At the meeting, Joseph Minneman asserted that the City could not vacate the right-of-way because the City no longer owned that portion of the street and it was now his property. (Doc. 33-7.) The City Attorney advised the commissioners that Plaintiff's objection rendered the Commission unable to vote on the request pursuant to K.S.A. § 12-505. (*Id.* at 3.)

After 2007, the City has not added any portion of the West Grand Avenue right-of-way to the tax rolls to be taxed as part of Plaintiffs' property and has not notified the County's Register of Deeds Office that Plaintiffs now own the subject property. (Docs. 33 at 6; 37 at 8–9.) On December 28, 2020, the City passed Ordinance No. 20-11048 (the "ordinance"), which grants a natural gas franchise to Defendant and repeals any ordinances that are inconsistent with or conflict with the ordinance. (Doc. 33-9 at 1.) The ordinance states that Defendant has the right to occupy "Public Ways" to operate natural gas facilities. "Public Way" or "Public Ways" is defined in the ordinance as "the area on, below or above the present and future public streets, avenues, alleys, bridges, boulevards, roads, highways, public utility easements, and easements dedicated to or acquired by the City in plats of the city for streets and alleys." (Doc. 33-9 at 2.) Under the

3

ordinance, Defendant pays a franchise fee in lieu of other taxes, licenses, assessments, and other fees for using the Public Ways to operate its natural gas distribution system.  (Doc. 33-9.)

The City advised Plaintiffs on several occasions that its position is that it never vacated the public right-of-way abutting their property, that it still holds the public right-of-way north of their property line for existing public utilities, and for greenspace and future landscape plans.  (Doc. 33-11, correspondence from the City to Plaintiff Joseph Minneman.)

On August 24, 2023, Plaintiffs filed this petition to quiet title in the District Court of Saline County, Kansas against Defendant KGS.  (Doc. 1.)  Plaintiffs did not name the City as a defendant.  Defendant timely removed the action to this court.  Based on the pleadings, the parties are diverse because KGS is a division of ONE Gas, an Oklahoma corporation, Plaintiff Jeffrey T. Minneman is a citizen of Kansas, and Plaintiff Joseph C. Minneman, is a citizen of Illinois.[2]  (Doc. 1 at 2.)  Also, Plaintiffs' claim is valued at more than $75,000.  In the amended complaint, Plaintiffs contend that the City vacated the West Grand Avenue right-of-way by enacting the 2020 ordinance.  (Doc. 28.)  Defendant filed a counterclaim seeking a declaratory judgment that its natural gas pipeline lawfully exists in a dedicated public street right-of-way that has not been abandoned or vacated by the City.  (Doc. 29.)  Defendant moved for summary judgment on Plaintiffs' claim.

After review, the court entered an order to show cause why this action should not be dismissed for failure to join the City as a party.  (Doc. 43.)  Both parties have responded.  Defendant asserts that the City is not an indispensable party "for purposes of KGS's Summary Judgment

---

[2] Although Jeffrey Minneman has since passed away, his estate has been substituted as a party.  In determining the citizenship of an estate, the administrator is both a citizen of the state of the decedent and his state of residency, if different than the state of citizenship of the decedent.  *See Castleberry v. Fanuc Am. Corp.*, No. 20-1361-KHV-GEB, 2021 WL 37482, at *1 (D. Kan. Jan. 5, 2021).

4

Motion." (Doc. 45 at 3.) Plaintiff requests that this court remand the action to state court so that the City can be joined as a party to this action. (Doc. 44.)

**II.   Analysis**

Under K.S.A. § 60-1002, an action to quiet title "may be brought by any person claiming title or interest in personal or real property[.]" Plaintiffs claim that the City and Defendant vacated the public right-of-way when the ordinance was passed. Plaintiffs seek to quiet title to the right-of-way and want Defendant to remove its pipeline. (Doc. 42 at 8.) Defendant moved for summary judgment on the basis that the City never vacated the public right-of-way. (Doc. 32.)

At the outset, the court has an independent duty to raise whether this action should be dismissed or remanded for lack of an indispensable party. *See Symes v. Harris*, 472 F.3d 754, 760 (10th Cir. 2006). First the court determines whether the City is a necessary party. Under Rule 19, a party shall be joined if feasible, when:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
>> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a).

If joinder is not feasible because such joinder would deprive the court of subject matter jurisdiction, the court should "determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." Fed. R. Civ. P. 19(b).

Here, the City has not been named a party to this action. In this case, Plaintiffs seek to quiet title to a section of land that was dedicated to the City as a public right-of-way. Although

5

Plaintiffs argue that the City vacated its right-of-way in the pleadings and summary judgment briefing, the City is not here to advocate for its interest in the right-of-way.  Notably, the pleadings and facts at issue all involve actions undertaken by the City.  It is clear from the evidence submitted on summary judgment that the City's position is that it did not vacate its public right-of-way and that it still holds the public right-of-way north of Plaintiffs' property line for existing public utilities, and for greenspace and future landscape plans.  Clearly, the City claims an interest relating to the property at issue in this action and a ruling in favor of Plaintiffs in this action would impair the City's ability to protect its interest.  Therefore, the City is a necessary party to this action.  *See Wyandotte Nation v. City of Kansas City, Kansas*, 200 F. Supp. 2d 1279, 1291 (D. Kan. 2002).

The City, however, cannot be joined as a party to this action because it would deprive the court of subject matter jurisdiction.  As reflected in the pleadings, Plaintiff Jeffrey Minneman was a citizen of Kansas and the City is a citizen of Kansas.  Therefore, the court must consider whether the City is an indispensable party to this action.

Rule 19(b) requires the court to consider the following factors in assessing the indispensability of an absent party:

> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
> (2) the extent to which any prejudice could be lessened or avoided by:
> (A) protective provisions in the judgment;
> (B) shaping the relief; or
> (C) other measures;
> (3) whether a judgment rendered in the person's absence would be adequate; and
> (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Fed. R. Civ. P. 19(b).

First, this action poses potential prejudice to the City as judgment in favor of Plaintiffs would result in a finding that the City has vacated its right-of-way.  KGS argues that the City will

6

not be prejudiced if the court enters summary judgment in favor of it. Essentially, Defendant argues that it will be successful on its motion and therefore, there is no potential prejudice in an adverse judgment. The factor for the court to consider, however, is whether any judgment entered will prejudice the City and, it is clear, that a judgment entered in favor of Plaintiffs would prejudice the City. Defendant impliedly admits as much by recognizing that a denial of its pending motion would require the City to be joined as an indispensable party.

Second, there is no way to lessen this prejudice without the presence of the City. Defendant's arguments are again focused on its positions set forth in its motion for summary judgment. Defendant fails to cite any authority for this position.

Third, any judgment in this case would not be adequate because it could expose the parties to additional litigation if the City is not joined as the holder of the right-of-way. Finally, there is an adequate remedy in that Plaintiffs may refile suit in state court against the City, or since this case was removed from state court, the pending matter may continue to be litigated in state court following remand.

A review of the factors support the conclusion that the City is an indispensable party in this case involving its interest in the public right-of-way. This holding is in accordance with the general rule that "in actions to quiet title, all persons claiming an interest in the subject property are considered indispensable." *Hugoton Energy Corp. v. Plains Res., Inc.*, 141 F.R.D. 320, 322 (D. Kan. 1991) (citing 7 Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 1621 (1986) ( "whenever a party seeks to quiet title to a piece of land, he must join all known persons who are claiming title in order to settle the property's ownership without additional litigation")).

The court recognizes that KGS also argues that the City is not an indispensable party because its interests are adequately represented by KGS in this case, citing to *Sac and Fox Nation*

7

*of Missouri v. Norton*, 240 F.3d 1250, 1259 (10th Cir. 2001). In that case, the Tenth Circuit found that the Wyandotte Tribe was not an indispensable party to a suit challenging actions taken by the Secretary of the Interior in taking a tract of land into trust on behalf of the Tribe. The Tenth Circuit noted that the Tribe's interests were aligned with those of the Secretary. Notably, however, the Tribe was also involved in the litigation by filing a brief with the court even though it was not a party. *Id.* at n.10. Further, in reviewing the factors, the court of appeals stated that the most important deciding factor was that there was not an alternative forum for the claims at issue to be reviewed. *Id.* at 1260. The discussion in *Norton* makes clear that the fact that the defending party's interests were aligned with the Tribe was not the sole basis to find that the Tribe was not an indispensable party. Here, the totality of the factors support a determination that the City is an indispensable party.

**III.     Conclusion**

Because the court finds that the City is an indispensable party to this action, this matter is REMANDED to District Court of Saline County.

IT IS SO ORDERED. Dated this 11th day of December, 2024.

s/ John W. Broomes<br>JOHN W. BROOMES<br>UNITED STATES DISTRICT JUDGE